THE facts in this case, (which was an action of Eject~ ment in the Superior Court of Caroline County,) were found by a special verdict, and stated by Judge RoAN~, in delivering the opinion of this Court, as follow's:-
JOHN HOLLOWAY the elder had issue George Holla'waij and E1i~abeth Hollowaij by his llrst, and John, Hollowaij. jnnr. by his second, marriage. He died in 1770. By his Will, he devised the premises in question to his wife for life; the reversion in fee descending on the said George *423 as eldest son and heir to his father. George Holloway died in 1783, intestate and without issue, leaving the testutor’s widow then alive and in possession of the premises, who lived, so possessed, ’till the year 1812; after whose death, John Holloway, junr. entered, claiming the said land, as heir to his father. Elizabeth the daughter (by the first marriage,) also died in 181.2, leaving the appellants her heirs at law, who brought an Ejectment for the premises against John Holloway, junr. On this case, as exhibited by a special verdict, judgment was rendered for the defendant, whereupon the lessors of the plaintiff appealed to this Court.
George Holloway having thus died, intestate and without issue, in the year 1783, the widow being in possession of the freehold by virtue of the devise to her for life, the question arises, wfio wras entitled to the reversion in fee of the premises in question ?
If the subject in controversy had been a present estate in George Holloway, instead of a reversion, a seisin by him would have been indispensable to make his sister his heir. It is from him alone as a stock, and not from her father, that she would have been entitled to succeed in preference to the present appellee, and the maxim is that « non jus sed seisina fadt stipitem.” If he had not, therefore, a seisin of the freehold, or what is technically called a possessio fratris, she could not inherit to him, but her half brother as heir to his father the person last actually seised. George Holloway had, it is true, the jus proprietatis of the estate in question; but he was deferred as to the enjoyment of the possession, and it was not until a seisin wras added to his right, that he could become a stock or ancestor, so as to let in the claim of his sister. Every reason which holds to exclude the brother from being such an ancestor, in relation to a present estate, holds a fortiori as to a deferred one, in which a right of property only, exists, and not a present right of possession. The latter case is, at least, as much without that seisin which is requisite to constitute a stock or ancestor, as the former.
*424 P°ssess'l0i) °f a lessee for years is considered as that of the tenant in fee; but it is otherwise of the possession of a tenant for life. His possession is referred to ^ frechold estate to which lie is himself entitled. Thus it is held, in Co. Litt., that, if a father maketh an estate for years, and the lessee entercth and dieth, and the eldest son dieth during the term, the younger son of the half blood shall not inherit, but the sister, because the possession of the lessee is the possession of the eldest son, so as that he was actually seised:—but if the father make a lease for life and dieth, and the eldest son dieth in the life time of the tenant for life, the younger brother of the half blood shall inherit; for the tenant for life is seised of the freehold, and the eldest son had nothing but a reversion expectant upon it, and therefore the youngest son shall succeed as heir to his father who was last seised of the freehold.(a)
This passage is quite decisive of the case before us.— It excludes George Holloway from being such an ancestor as would let in the claim of his sister.
But it is contended that the Act of Descents has now made a difference, and lets in the claim of the present appellants. That can not be, as both John Holloway and George Holloway died before it’s commencement, unless the Act is to have a retrospective operation. Such a construction is reprobated, 1st, by the general principle that all laws, or at least all which concern rights, are only prospective in their nature; 2dly, that that Act is declared to commence it’s operation from and after a future and a given day; and the Court is of opinion that these words, “from and after, Sic.” are to be considered as if they were set out and repeated in the commencement of every section of the Act; and 3dly, that this is emphatically the case in relation to this Act; it declaring that “ henceforth,” when any person &c. shall die intestate Ac.” plainly excluding from it’s operation cases of deaths before the commencement of the Act. That Act therefore is not to be regarded, in making a construction, in the case before us: the appellants can in no case be re *425 gardes! as heirs, but in relation to ancestors dying after the commencement of the Act.
On these grounds, we are of opinion that the judgment be affirmed.

 Co. Litt. 15.